```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| JOHN R. JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 7:06CV5011 |
| | ) | |
| v. | ) | |
| | ) | |
| MISHLER LAND COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the defendant's "Rule 12(e) Motion for More Definite Statement and Rule 12(b)(6) Motion to Dismiss."[1] Filing 5.  The plaintiff's complaint alleges:

- He is a minority shareholder of the defendant, a corporation engaged in farming and ranching;

- As of November 4, 2005 and until March 13, 2006, there were only two shareholders in the defendant corporation;

- A shareholders and directors meeting occurred on November 4, 2005, but the shareholders and directors were deadlocked and unable to make decisions on various corporate matters;

- In violation of the corporate by-laws, no annual meeting was held in February of 2006;

- The majority shareholder of the defendant invalidly transferred a portion of her stock to her husband on March 13, 2006;

- Contrary to the corporation's by-laws and Nebraska law, a special meeting of the shareholders and directors was held on March 17, 2006 without notice and without providing an agenda;

---

[1] See filing 13, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" and "Order of Reference," and 28 U.S.C. § 636(c).

- The majority shareholder's husband was elected a member of the corporation's Board of Directors on March 17, 2006, and at the Board of Director's meeting held thereafter, the majority shareholder and her husband, in their capacities as Board members, voted on and together broke the previous deadlock on corporate decisions, over the plaintiff's objection and in contravention of the defendant's best interests.

Filing 1 (Complaint), ¶¶ 5-16.

The plaintiff's first claim seeks a judgment declaring that the March 13, 2006 stock transfer, the March 17, 2006 meeting, and the decisions arising from that meeting are invalid.  The plaintiff's second claim seeks corporate dissolution because the rightful corporate directors are deadlocked and the business is suffering, those in control of the defendant's business "have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent," and the defendant's assets are being misapplied or wasted.  Filing 1 (Complaint), ¶¶ 18-24.

The defendant claims:

Some allegations [of plaintiff's complaint] such as fraud, waste, and the like, are conclusory with no underlying factual basis stated.  Additionally, the plaintiff has claimed that there is a shareholder deadlock in a corporation which has one clear majority shareholder.  It is very difficult to conceptualize this claimed deadlock, and the plaintiff should be required to make this more definite and certain, or the Complaint should be dismissed for failure to state a cause of action, unless the plaintiff is going to claim that the majority shareholder is divided against herself.  Similarly, any claim of the required preconditions which are necessary under the Nebraska Business Corporation Act should be required to be pled.

Filing 6 (Defendant's Brief), p.5.

I disagree. The plaintiff's complaint provides the defendant with adequate notice of the claims asserted. Moreover, the plaintiff has not alleged that the defendant corporation itself committed fraud, and it has not alleged an action for fraud. Citing the specific language of Neb. Rev. Stat. §21-20,162, the plaintiff claims the corporation must be dissolved because it is being controlled and operated by third parties who have acted or will act "in a manner that is illegal, oppressive or fraudulent." The precise basis for the plaintiff's allegations of corporate mismanagement can be readily ascertained through discovery. They need not be specifically alleged in the complaint.

IT THEREFORE HEREBY IS ORDERED: The defendant's "Rule 12(e) Motion for More Definite Statement and Rule 12(b)(6) Motion to Dismiss," filing 5, is denied.

DATED this 18th day of September, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge